# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARION HENRY,**

      **Plaintiff,**

**v.**                                                  **Case No:   6:14-cv-1731-Orl-18KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration by the Court *sua sponte*.

On October 24, 2014, Marion Henry filed *pro se* a complaint on behalf of her minor child, J.H., seeking review of the Commissioner of Social Security's decision to deny J.H.'s application for supplemental security income ("SSI") benefits.  Doc. No. 1.  Henry also sought leave to proceed *in forma pauperis*.  Doc. No. 2.  On October 29, 2014, the Court denied that motion without prejudice and ordered that, if Henry wished to pursue the case on behalf of J.H., she had to seek and obtain counsel on behalf of J.H. because only a lawyer admitted to practice before this Court may represent the minor child in this case.  Doc. No. 4.  It was further ordered that such counsel was required to file a notice of appearance in this case on behalf of J.H. on or before December 1, 2014.  The Court further advised Henry that failure to obtain an attorney to represent J.H.'s interests may result in the case being dismissed without further notice.  *Id.*

In this circuit, parents do not have the right to represent their children in federal court. *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997) (following "the usual

rule—that parents who are not attorneys may not bring a *pro se* action on their child's behalf—because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents"); Local Rule 2.01(a) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court . . . ."). I am aware that that some courts outside of this circuit have permitted parents to represent their minor children in appeals from the denial of applications for SSI benefits. *See, e.g.*, *Price v. Barnhart*, 129 F. App'x 699, 700 (3d Cir. 2005); *Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002); *Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000). However, I have not found any case in which the United States Court of Appeals for the Eleventh Circuit has permitted a parent who is not an attorney to represent a minor child in such an appeal. *See Peake v. Comm'r of Soc. Sec.*, No. 6:06-cv-1863-Orl-KRS, 2008 WL 495377, at *1 (M.D. Fla. Feb. 20, 2008) (holding that the *Devine* court's prohibition of a parent representing a child's rights without use of an attorney is still binding precedent in this circuit despite the U.S. Supreme Court's decision in *Winkelman ex rel. Winkelman v. Parma City School District*, 550 U.S. 516 (2007), that a parent has independent rights under the Individuals with Disabilities in Education Act ("IDEA")).

Here, as of the date of this Report and Recommendation, no attorney has filed a notice of appearance on behalf of J.H. and the time for doing so has passed. I am aware that dismissing this case without prejudice may result in the expiration of the statute of limitations. Nevertheless, under the binding precedent in this circuit, and in light of Plaintiff's failure to respond to the Court's order regarding the need for counsel, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint (Doc. No. 1) without prejudice and direct the Clerk of Court to close the file.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at her address of record.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 2, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy